### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| EMMA MEYERS, as Administrator of the Estate of THOMAS E. MEYERS, Deceased, | § § § § |
| *Plaintiff*, | § § § |
| v. | § § |
| PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS HEALTHCARE INFORMATICS, INC., a foreign corporation; PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, KONINKLIJKE PHILIPS ELECTRONICS N.V., | § § § § § § § § § § § § § § § |
| *Defendants*. | § |

CASE NO.

## NOTICE OF REMOVAL

Defendant Philips RS North America LLC ("Philips RS") ("Philips" or "Defendant")[1] hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Circuit Court of Cook County, Illinois, in which it is now pending at No. 2022L002813 (the "Underlying Action"), to the United States District Court for the Northern District of Illinois, Eastern Division, and states as follows:

---

[1] As of the filing of this Notice, Koninklijke Philips Electronics N.V. ("Koninklijke Philips N.V") has not been served with the Complaint in this action. Koninklijke Philips N.V. is a Dutch multinational company with its principal place of business in Amsterdam, Netherlands, and therefore is diverse from Plaintiff. Plaintiff admits diversity. Ex. A, ¶ 3.

I.    INTRODUCTION

1.    On March 24, 2022, Plaintiff Emma Meyers, as Independent Administrator of the Estate of Thomas E. Meyers, Deceased ("Plaintiff") filed a complaint in the Circuit Court of Cook County, Illinois, No. 2022L002813 (the "Complaint"), attached as **Exhibit A, Complaint**.

2.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served to date upon the Defendant, including the Complaint, are attached.

3.    No pleadings have been served on Defendant in this litigation.

4.    By filing a Notice of Removal, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the parties, or venue, and Defendant specifically reserves its right to assert any defenses and objections to which it is entitled.

II.    FACTUAL BACKGROUND

5.    Plaintiff alleges Defendant manufactures and sells Continuous Positive Airway Pressure ("CPAP") and Bilevel Positive Airway Pressure ("BiPAP") medical devices. Ex. A, ¶¶ 10-11.

6.    Plaintiff alleges that these devices contained polyester-based polyurethane ("PE-PUR") sound-abatement foam. *Id.* ¶ 14.

7.    Plaintiff alleges the PE-PUR foam may degrade and off-gas certain chemicals under certain circumstances, causing potential health risks. *Id.* ¶¶ 14-15.

8.    Plaintiff alleges Thomas E. Meyers ("Decedent") purchased and used a Respironics, Inc. BiPAP machine (Serial Number P10644785AF98) and a DreamStation BiPAP

devices (Serial Number H22622594ECF) (the "Devices"), "which he used daily for many years prior to December 2019." *Id*. ¶ 12.

9. Plaintiff alleges on March 25, 2020, Decedent suffered and died from complications from Stage IV esophageal cancer, which was caused "in whole or in part by his usage of the Philips BiPAP machines." *Id.* ¶¶ 13, 17-18.

10. Plaintiff alleges Decedent's cancer resulted "in permanent damage, pain and suffering," required Decedent to "undergo additional care and treatment," and "hindered and prevented [Decedent] from attending to his usual and customary duties and affairs of life." *Id*. ¶ 18.

11. Plaintiff alleges she was appointed as Administrator of Decedent's estate. *Id*. ¶ 19.[2]

12. Plaintiff brings claims under 735 ILCS 5/27-6 (the "Survival Act") in products liability, negligence, breach of express warranty, and breach of implied warranty of merchantability (*id*. ¶¶ 1-20, 40, 80-116, 154-192) as well as under 740 ILCS 180/01 (the "Wrongful Death Act") in products liability, negligence, breach of express warranty, and breach of implied warranty of merchantability (*id*. ¶¶ 21, 40, 60, 117, 153, 193, 231).

13. Plaintiff demands relief "in excess of $50,000, plus costs" for each of her claims under the Survival Act and Wrongful Death Act. *Id*. at 5-7, 11-14.

---

[2] Plaintiff alleges she was appointed as the administrator of the Decedent's estate and cites to a probate court order as "Exhibit A" of her Complaint; however, no such order was attached.

### III.  NOTICE OF REMOVAL IS TIMELY

14. Pursuant to 28 U.S.C. § 1446(b)(2)(B), "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" to file its notice of removal.

15. No defendant has been served to date upon information and belief and thus this notice is timely because it has been filed before 30 days from service.

16. Additionally, this notice is timely because it is filed within one year after commencement of the action pursuant to pursuant to 28 U.S.C. § 1446(c)(1).

### IV.  GROUNDS FOR REMOVAL

17. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

18. This court has original subject-matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

   a. <u>There is complete diversity among the parties.</u>

19. Diversity jurisdiction "require[s] complete diversity of citizenship," *i.e.*, "the citizenship of each plaintiff" must be "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Accordingly, "no plaintiff" can be "a citizen of the same state as any defendant." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F. 3d 415, 420 (7th Cir. 2016).

20. The general rule is that diversity is determined at the time of removal. *Matter of Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("[J]urisdiction is determined as of the instant of removal"); *see Genenbacher v. CenturyTel Fiber Co. II, LLC*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007) ("Federal courts determine removal jurisdiction at the moment that the case is removed.") *see also*, *Inergy Propane, LLC v. Case Lortz & Sons Mfg. Co.*, No. 10-CV-781, 2010 WL 3034196, at *1 (N.D. Ill. Aug. 2, 2010).

      i. <u>Plaintiff is an Illinois citizen.</u>

21. For diversity purposes, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28. U.S.C. 1332 (c)(2); *Gaskin v. Sharp Elecs. Corp.*, No. 2:05-CV-303, 2005 WL 2736442, at *2 (N.D. Ind. Oct. 24, 2005).

22. An individual is a citizen of the state in which he or she is domiciled. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021), *cert. denied*, 142 S. Ct. 776 (2022)*; Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

23. "Domicile has two elements: (1) physical presence or residence in a state and (2) an intent to remain in the state." *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009), *as amended* (June 10, 2009).

24. Residence is one manner in which domicile may be demonstrated. *Id*. at 931-32 (enumerating factors that may lead to domicile and noting that "no single factor is dispositive").

25. Plaintiff seeks to bring claims as the administrator of the Decedent's estate. Ex A, at 1, 5-8, 11-13; *Id*. ¶ 19.

26. In addition to the fact that the Complaint states that the Decedent was a resident of Will County, Illinois, *id*. ¶ 1, Plaintiff has chosen to file this case in Illinois State court, and has engaged counsel in Illinois to represent her, as administrator of the estate.

27. Thus, these factors show that Decedent was domiciled in Illinois, making him a citizen of Illinois. There is no evidence alleged that contradicts this conclusion.

28. Therefore, because the Decedent was a citizen of Illinois, Plaintiff is a citizen of Illinois.[3]

### ii. Defendant Philips RS is a citizen of Massachusetts and Delaware.

29. Philips RS is a Delaware limited liability company with its principal place of business located in Pennsylvania. **Exhibit B, Philips RS North America LLC Corporate Records & Business Registrations**.

30. As a limited liability company, however, Philips RS is a citizen of the states where its members are citizens for purpose of diversity jurisdiction. *Thomas v. Guardsmark, LLC*, 487 F. 3d 531, 534 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.") (citation omitted); *Wolf v. Kennelly*, 540 F. Supp. 2d 955, 960 (N.D. Ill. 2008) ("[T]he citizenship of a limited liability company is the citizenship of each member of that company.").

31. Philips RS is wholly owned by a single member, Philips RS North America Holding Corporation, a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. **Exhibit C, Philips RS North America Holding Corporation Corporate Records & Business Registrations**.

32. For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

---

[3] Additionally, as an individual herself, Plaintiff would be considered a citizen of Illinois because the Complaint states that she is a resident of Cook County Illinois, *id*. ¶ 2, she has filed this case in Illinois State court, and she has engaged counsel in Illinois to represent her. Again, there is no evidence alleged that contradicts this conclusion.

33. Accordingly, because Philips RS North America Holding Corporation is a citizen of both Delaware and Massachusetts, Philips RS also is a citizen of both Delaware and Massachusetts. Therefore, Philips RS is diverse from Plaintiff.

      iii. <u>Defendant Philips North America LLC is a citizen of Delaware and Massachusetts.</u>

34. Philips North America LLC <u>("Philips North America")</u> is a Delaware limited liability company with its principal place of business in Massachusetts. **Exhibit D, Philips North America LLC Corporate Records & Business Registrations**. Philips North America is wholly owned by a single member, Philips Holding USA, Inc., a Delaware corporation with its principal place of business located at 222 Jacobs Street, Cambridge, Massachusetts 02141. **Exhibit E, Philips Holding USA Inc. Corporate Records & Business Registrations**.

35. Accordingly, because Philips Holding USA, Inc. is a citizen of both Delaware and Massachusetts, Philips North America also is a citizen of both Delaware and Massachusetts. *See Thomas*, 487 F. 3d at 534 (explaining that an LLC has the citizenship of its members); 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business). Therefore, Philips North America is diverse from Plaintiff.

      iv. <u>Defendant Philips Healthcare Informatics, Inc. is a citizen of Delaware and California.</u>

36. Philips Healthcare Informatics Inc. <u>("Philips Informatics")</u> is a Delaware company with its principal place of business in California. **Exhibit F, Philips Healthcare Informatics Inc. Corporate Records & Business Registrations**.

37. Accordingly, because Philips Informatics is a citizen of both Delaware and California, Philips Informatics is diverse from Plaintiff. *See* 28 U.S.C. § 1332(c)(1) (explaining

7

that a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business).

     v. <u>Defendant Philips Medical Systems (Cleveland), Inc. is a citizen of Ohio and California.</u>

38. Philips Medical Systems (Cleveland), Inc. ("Philips Medical")[4] is a California company with its principal place of business in Ohio.  **Exhibit G, Philips Medical Systems, Inc Corporate Records & Business Registrations**.

39. Accordingly, because Philips Medical is a citizen of both California and Ohio, Philips Informatics is diverse from Plaintiff.  *See* 28 U.S.C. § 1332(c)(1) (explaining that a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business).

     vi. <u>There is complete diversity between the parties.</u>

40. Thus, based on the foregoing, there is complete diversity between the parties:

| Plaintiff | Defendants |
|---|---|
| Emma Meyers (IL) | Philips North America (DE/MA)<br>Philips RS (DE/MA)<br>Philips Informatics (DE/CA)<br>Philips Medical (CA/OH) |

  b. <u>The amount in controversy requirement is satisfied.</u>

41. There plainly is more than $75,000 in controversy.  *See* 28 U.S.C. § 1332(a).

42. While Plaintiff does not explicitly plead in the Complaint that the amount in controversy is greater than $75,000, Plaintiff demands relief "in excess of $50,000, plus costs" for each of the claims under the Survival Act and Wrongful Death Act.  Ex. A at 5-7, 11-14.

---

[4] Plaintiff incorrectly names Philips Medical Systems, Inc., as a defendant to this action.  Even as alleged, Plaintiff admits diversity.  Ex. A ¶ 8.

43. Given the nature and extent of the injuries and harm alleged, however, the amount in controversy here plainly exceeds the jurisdictional threshold.

44. It is alleged that, on March 25, 2020, Decedent suffered and died from complications from Stage IV esophageal cancer, which was caused "in whole or in part by his usage of the Philips BiPap machines." *Id.* ¶¶ 13, 17-18.

45. The Complaint alleges Decedent's cancer resulted "in permanent damage, pain and suffering," required Decedent to "undergo additional care and treatment," and "hindered and prevented [Decedent] from attending to his usual and customary duties and affairs of life." *Id*. ¶ 18.

46. Plaintiff brings claims under 735 ILCS 5/27-6 (the "Survival Act") in products liability, negligence, breach of express warranty, and breach of implied warranty of merchantability (*id*. ¶¶ 1-20, 40, 80-116, 154-192) as well as under 740 ILCS 180/01 (the "Wrongful Death Act") in products liability, negligence, breach of express warranty, and breach of implied warranty of merchantability (*id*. ¶¶ 21, 40, 60, 117, 153, 193, 231).

47. Although Defendant denies any liability to Plaintiff, the nature of the case (a medical device products liability action), the harms alleged (cancer, permanent injury, pain and suffering, and death), and the nature of the damages requested (compensatory damages) place far more than $75,000 in controversy.

48. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see Betzner v. Boeing Co*., 910 F.3d 1010, 1014 (7th Cir. 2018); *Abraham v. State Farm Mutual Auto. Ins. Co.*, 2020 WL 1433782, at *3 (N.D. Ill. Mar. 24, 2020) (citing *Dart Cherokee*, 574 U.S. 81).

9

49. In *Wragge v. Boeing Co.*, the court found the amount-in-controversy requirement satisfied where plaintiffs alleged past and future "health effects" including "lung damage/scarring . . . cognitive defects," "pain, suffering, mental anguish, emotional distress, physical impairment, loss of normal enjoyment of life, medical bills and expenses as well as loss of wage earning capacity." 532 F. Supp. 3d 616, 624 (N.D. Ill. 2021) (denying motion to remand and finding "[s]uch allegations . . . make it more than likely that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction).

50. In *Majchrzak by and through Majchrzak v. Gap, Inc.*, the amount-in-controversy requirement was satisfied where plaintiffs alleged "severe and permanent injuries," incurred "substantial medical, hospital and therapy bills," "untold suffering," and "depriv[ation] of the ability and capacity to attend most social and personal activities." 2018 WL 2220292, at *4 (N.D. Ill. May 15, 2018) (denying remand).

51. "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (holding that removal was proper on other grounds, but finding "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages" where "Plaintiffs alleged that they suffered 'lasting and permanent injuries,'" "incurred bills related to 'medical, surgical, hospital, and nursing care for their injuries,'" "'[lost] wages and profits which they otherwise would have earned and acquired,'" and "severe pain, emotional distress, disability, lost value

and enjoyment of life, future loss of income, medical expenses, loss of normal life, disfigurement and paralysis").[5]

52. Plaintiff alleges injuries that are similar to or exceed the injuries alleged in *Wragge*, *Majchrzak*, and *McCoy*. Based on these allegations, it is clear that Plaintiff asserts claims that, if proved, would exceed $75,000.00. Accordingly, the amount-in-controversy requirement is satisfied.[6]

V. VENUE

53. This lawsuit may be removed to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

---

[5] Other courts are in agreement. *See Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. May 11, 2007) (denying remand and finding allegations "likely amount to claims in excess of $75,000" where plaintiff sought to recover for a permanent injury, as well as pain and suffering, punitive damages, and past and future medical expenses); *Milter v. Wright Medical Group, Inc.*, 11-CV-11353, 2011 WL 4360024, at *3 (E.D. Mich. Sept. 19, 2011) (denying remand and finding "no doubt" that plaintiff's alleged injuries "more likely than not" exceeded $75,000 where plaintiff alleged that a medical device manufactured by defendants was defective, requiring plaintiff to incur revision surgery, hospitalization, elevated levels of toxic metals in plaintiff's blood, disability, medical expenses, lost wages, and physical and mental pain and suffering); *Kusmich v. J.C. Penney Corp.*, No. 5:05CV1586, 2005 WL 2233255, at *2 (N.D. Ohio, Aug. 29, 2005) (denying plaintiff's motion to remand and noting that "[plaintiff's] compensatory damages alone could exceed $75,000" where the complaint alleged "serious injuries to [plaintiff's] elbow, arm, and shoulder," and demanded past and future medical expenses including expenses for surgery, permanent injuries, shock, and loss of income); *Culpepper v. Stryker Corp.*, 968 F. Supp. 2d 1144, 1158 (M.D. Ala. 2013) (noting generally that product liability actions routinely result in verdicts in excess of $75,000);

[6] Additionally, this court has held that when a Plaintiff brings an action under both the Survival Act and the Wrongful Death Act, those demands are aggregated in order to satisfy the amount in controversy requirement for removal on diversity grounds. *Hanlon ex rel. Est. of Hanlon v. XY Tool & Die, Inc.*, No. 04 C 410, 2004 WL 838035, at *2 (N.D. Ill. Apr. 16, 2004) (holding that, "had plaintiff chosen to file this action in federal court instead of Illinois state court, this court would have had original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff's express *ad damnums* of $50,000 for her independent wrongful death and survival claims could be aggregated to total $100,000[,]" but denying remand on other grounds); *see Sagez v. Columbus McKinnon Corp.*, No. 14-CV-1397-NJR-SCW, 2015 WL 13836836, at *5 (S.D. Ill. June 1, 2015) (denying remand and finding that "Plaintiff alleges a claim against Defendant for the wrongful death of decedent Mr. Sagez and a claim against Defendant under the Illinois Survival Act for medical and funeral expenses. These are separate claims that should be aggregated for purposes of determining the amount in controversy"). Accordingly, Plaintiff's demand for damages in excess of $50,000 for her Wrongful Death and Survival Action actually total $100,000 for purposes of diversity jurisdiction, which plainly satisfies the amount in controversy requirement.

11

54. The United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district encompassing the Circuit Court of Cook County, Illinois, where this suit was originally filed. 28 U.S.C § 93(a)(1).

55. On October 8, 2021, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order, consolidating related class action cases and individual personal injury cases like this matter into a multidistrict litigation (MDL 3014) and ordering their transfer to the Western District of Pennsylvania, before the Honorable Joy Flowers Conti (the "MDL") for coordinated or consolidated pretrial proceedings. **Exhibit H, Transfer Order**.

56. It is anticipated that this case will be transferred to the MDL following removal.

## VI. CONSENT

57. Each defendant that has been properly joined and served consents to removal as required by 28 U.S.C. § 1446(b)(2).

## VII. PROCEDURE

58. Written notice of the filing of the Notice of Removal will be promptly served on all other parties to this action and a copy will promptly be filed with the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

59. Included with this Notice of Removal is the filing fee required by 28 U.S.C. § 1914.

## VIII. CONCLUSION

Defendant respectfully removes this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

        Respectfully submitted,

|  |  |
|---|---|
| John P. Lavelle, Jr.<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>1701 Market Street<br>Philadelphia, PA  19103-2921<br>Telephone:  +1.215.963.5000<br>Facsimile:   +1.215.963.5001<br>*john.lavelle@morganlewis.com*<br><br>*Of Counsel for Defendant Philips RS North America LLC*<br><br>Michael H. Steinberg<br>**SULLIVAN & CROMWELL LLP**<br>1888 Century Park East<br>Los Angeles, CA  90067-1725<br>Telephone:  +1.310.712.6670<br>Facsimile:   +1.310.712.8800<br>*steinbergm@sullcrom.com*<br><br>William B. Monahan<br>**SULLIVAN & CROMWELL LLP**<br>125 Broad Street<br>New York, NY  10004-2498<br>Telephone:  +1.212.558.7375<br>Facsimile:   +1.212.558.3588<br>*monahanw@sullcrom.com*<br><br>Dated:  April 21, 2022<br><br>*Of Counsel for Defendants Philips North America LLC, Philips Healthcare Informatics, Inc., and Philips Medical Systems, Inc.* | */s/ Scott Schutte*<br>Scott T. Schutte<br>**MORGAN, LEWIS & BOCKIUS LLP**<br>110 North Wacker Drive<br>Chicago, IL  60606-1511<br>Telephone:  +1.312.324.1773<br>Facsimile:   +1.312.324.1001<br>*scott.schutte@morganlewis.com*<br><br>*Attorneys for Defendant Philips RS North America LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2022, I caused a copy of the foregoing **Notice of Filing of Notice of Removal** to be served by electronic mail on counsel of record in *Emma Meyers v. Philips North America LLC, et. al*, Case No. 2022L002813, in the Circuit Court of Cook County, addressed as follows:

Jerome A. Vinkler
VINKLER LAW OFFICES, LTD
7045 Veterans Blvd., Suite A-2
Burr Ridge, IL  60527
Telephone:     +1.630.655.9545
jav@vinklerlaw.com


                              */s/ Scott Schutte*