# EXHIBIT A

All Law Division Case Management Dates will be heard via ZOOM **12-Person Jury**
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: No hearing scheduled

FILED
3/24/2022 4:02 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L002813
Calendar, F
17230357

Attorney Number 38369

FILED DATE: 3/24/2022 4:02 PM  2022L002813

State of Illinois )
) ss
County of Cook )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EMMA MEYERS, as Administrator of the Estate of THOMAS E. MEYERS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS HEALTHCARE INFORMATICS, INC., a foreign corporation; PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, KONINKLIJKE PHILIPS N.V.,<br><br>Defendants. | No. 2022L002813 |

## COMPLAINT AT LAW

### COUNT I
### PRODUCTS LIABILITY

### SURVIVAL

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS") (collectively "Defendants"), alleges as follows:

1. THOMES E. MEYERS, Deceased, resided in County of Will, State of Illinois.

2. EMMA MEYERS resides in the City of Chicago, County of Cook, State of Illinois.

3. Defendant Royal Philips is a Dutch multinational corporation with its principal place of business located in Amsterdam, Netherlands. Royal Philips is the parent company of the Philips Group of healthcare technology businesses, including Connected Care businesses focusing on Sleep & Respiratory Care.

4. Royal Philips holds directly or indirectly 100% of its subsidiaries Philips NA, Philips RS, Philips Healthcare Informatics, and Philips Medical Systems.

5. Upon information and belief, Royal Philips controls Philips NA, Philips RS, Philips Healthcare Informatics, and Philips Medical Systems in the manufacturing, selling, distributing, and supplying of the recalled Bilevel PAP, BiPAP or BPAP, continuous positive airway pressure (CPAP) machines, and mechanical ventilator devices.

6. Defendant PHILIPS NORTH AMERICA, LLC, is a Delaware limited liability company with its principal place of business located at 222 Jacobs Street, Floor 3, Cambridge, Massachusetts 02141. Philips NA is a wholly owned subsidiary of Royal Philips.

7. Defendant PHILIPS RS NORTH AMERICA, LLC, is a Delaware limited liability company with its principal place of business located at 6501 Living Place, Pittsburgh, Pennsylvania. Philips RS is a wholly owned subsidiary of Royal Philips. Philips RS was formerly operated under the business name Respironics, Inc. Royal Philips acquired Respironics in 2008.

8. Defendant PHILIPS MEDICAL SYSTEMS, INC., is a California corporation with its principal place of business located at 222 Jacobs St., Floor 3, Cambridge, Massachusetts 02141. Philips Medical Systems is a wholly owned subsidiary of Royal Philips.

9. Defendant PHILIPS HEALTHCARE INFORMATICS, INC., is a Delaware

FILED DATE: 3/24/2022 4:02 PM 2022L002813

corporation with its principal place of business located at 222 Jacobs St., Floor 3, Cambridge, Massachusetts 02141. Philips Healthcare Informatics is a wholly owned subsidiary of Royal Philips.

10. On or about March 30, 2017, and for a long time prior thereto, Defendants designed, manufactured, assembled, sold and distributed healthcare devices, including Bilevel PAP, BiPAP or BPAP, and continuous positive airway pressure (CPAP) machines, throughout the United States, including County of Cook, State of Illinois.

11. Prior to 2018, the Defendants designed, manufactured, assembled, sold and distributed the Philips BiPap machines throughout the United States, including the County of Cook, State of Illinois.

12. THOMAS E. MEYERS, Deceased, purchased from Defendants a Respironics, Inc. BiPap machine (SN: P10644785AF98) and DreamStation BiPap machine (SN: H226225954ECF) ("BiPap machines") with Filter: Disposable Ultrafine (Part No. CF-1122447-2), which he used daily for many years prior to December 2019.

13. THOMAS E. MEYERS, Deceased, died on March 25, 2020 from complications from Stage IV esophageal cancer.

14. On June 14, 2021, Defendants announced a recall of numerous models of CPAP and Bi-Level PAP devices, as well as a variety of its mechanical ventilators ("Recalled Devices") to "address identified potential health risks related to the polyester-based polyurethane (PE-PUR) sound abatement foam component in these devices."

15. Specifically, Defendants announced that it had determined that the "PE-PUR foam may degrade into particles which may enter the device's air pathway and be ingested or inhaled by the user, and the foam may off-gas certain chemicals."

16. At the time the Philips BiPap machines left the control of the Defendants the Philips BiPap machines contained a condition or conditions which rendered it unreasonably dangerous to the public and persons who would use the Philips BiPap machines in one or more of the following particulars:

    A. Designed the BiPap machines with polyester-based polyurethane foam when it knew or should have known the foam was a carcinogen;
    B. Designed the BiPap machines with materials that were known to break down and posed a health risk to users if inhaled or swallowed;
    C. Continued to use such materials even though it was made aware of the foam degradation issues in or around October 2015; and
    D. Did not place safety and warning signs of the danger of the foam degradation on the Philips BiPap machines.

17. Plaintiff's Decedent, THOMAS E. MEYERS, esophageal cancer was caused in whole or in part by his usage of the Philips BiPap machines.

18. As a direct and proximate result of one or more of the aforesaid acts or omissions by the Defendants, Plaintiff's Decedent, THOMAS E. MEYERS, was caused to suffer esophageal cancer, resulting in permanent damage, pain and suffering, and was forced to undergo additional care and treatment in attempts to cure himself, he was hindered and prevented from attending to his usual and customary duties and affairs of life and died on March 25, 2020.

19. EMMA MEYERS was appointed as Administrator of the Estate of THOMAS E. MEYERS on ____. (Exhibit "A" is the probate court order.)

20. Plaintiff brings this action in Count I under 735 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE

INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

## COUNT II
## PRODUCTS LIABILITY

## WRONGFUL DEATH

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS") (collectively "Defendants"), alleges as follows:

21. Plaintiff restates and realleges Paragraphs 1-19 of Count I as her Paragraphs 21-39 of Count II.

40. Plaintiff brings this action in Count II under 740 ILCS 180/01 et seq. commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

FILED DATE: 3/24/2022 4:02 PM 2022L002813

## COUNT III
## NEGLIGENCE

### SURVIVAL

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS") (collectively "Defendants"), alleges as follows:

40. Plaintiff restates and realleges Paragraphs 1-20 of Count I as her Paragraphs 40-59 of Count III.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

## COUNT IV
## NEGLIGENCE

## WRONGFUL DEATH

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS") (collectively "Defendants"), alleges as follows:

60. Plaintiff restates and realleges Paragraphs 21-40 of Count II as her Paragraphs 60-79 of Count IV.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

FILED DATE: 3/24/2022 4:02 PM 2022L002813

## COUNT V
## BREACH OF EXPRESS WARRANTY

### SURVIVAL

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS") (collectively "Defendants"), alleges as follows:

80. Plaintiff restates and re-alleges Paragraphs 1-19 of Count I as her Paragraphs 80-98 of Count V.

99. Defendants marketed and sold the Recalled Devices into the stream of commerce with the intent that the Recalled Devices would be purchased by THOMAS E. MEYERS, Deceased, and others similarly situated.

100. Defendants expressly warranted, advertised, and represented to THOMAS E. MEYERS that the Recalled Devices, specifically the BiPap machines, were safe and appropriate for human use.

101. Defendants made these express warranties regarding the Recalled Devices' quality and fitness for use in writing through its website, advertisements, and marketing materials, and on the Recalled Devices' packaging and labels.

102. These express warranties became part of the basis of the bargain that THOMAS E. MEYERS entered into upon purchasing the Recalled Devices, specifically the BiPap machines.

103. Defendants' advertisements, warranties, representations, and omissions regarding

health risks associated with the Recalled Devices were made in connection with the sale of the Recalled Devices, specifically the BiPap machines, to THOMAS E. MEYERS and others similarly situated.

104. THOMAS E. MEYERS relied on Defendants' advertisements, warranties, representations, and omissions regarding the Recalled Devices, specifically the BiPap machines, in deciding whether to purchase and use Defendants' Recalled Devices.

105. Defendants' Recalled Devices do not conform to Defendants' advertisements, warranties, representations, and omissions in that they are not safe, healthy, and appropriate for human use, and pose risks of serious injury and disease, including organ failure and cancer.

106. Defendants therefore breached its express warranties by placing Recalled Devices, specifically the BiPap machines, into the stream of commerce and selling them to consumers, when their use posed health risks, had dangerous effects and were unsafe, rendering these products unfit for their intended use and purpose, and unsafe and unsuitable for consumer use as marketed by Defendants. These associated health effects substantially impair the use, value, and safety of the Recalled Devices, and render them worthless.

107. Defendants were aware, or should have been aware, of the toxic or dangerous health effects of the use of the Recalled Devices, but nowhere on the package labeling, package inserts, or on Defendants' websites or other marketing materials did Defendants warn THOMAS E. MEYERS and other similarly situated that they were at risk of developing adverse health effects as a result of the dangerous PE-PUR Foam used in the Recalled Devices.

108. Instead, Defendants concealed the dangerous health effects of PE-PUR Foam used in the Recalled Devices, specifically the BiPap machines, and deceptively represented that these products were safe, healthy, and appropriate for use. Defendants thus utterly failed to ensure that

the material representations they were making to consumers were true.

109. The adverse health effects associated with use of the Recalled Devices, specifically the BiPap machines, existed when they left Defendants' possession or control and were sold to THOMAS E. MEYERS and others similarly situated. The dangers associated with use of the Recalled Devices were undiscoverable by THOMAS E. MEYERS and other similarly situated at the time of purchase of the Recalled Devices, specifically the Bi-Pap machines.

110. As manufacturers, marketers, advertisers, distributers and sellers of the Recalled Devices, Defendants had exclusive knowledge and notice of the fact that the Recalled Devices did not conform to the affirmations of fact and promises.

111. In addition, to the formation of an express contract, Defendants made each of the above-described representations and omissions to induce THOMAS E. MEYERS and others similarly situated to rely on such representations and omissions.

112. Defendants' affirmations of fact and promises and its omissions were material and THOMAS E. MEYERS and others similarly situated reasonably relied upon such representations and omissions in purchasing and using the Recalled Devices, specifically the BiPap machines.

113. All conditions precedent to Defendants' liability for its breach of express warranty have been performed by THOMAS E. MEYERS and/or Plaintiff.

114. Affording Defendants an opportunity to cure its breaches of written warranties would be unnecessary and futile here. Defendants were placed on reasonable notice from user reports and its lab testing that the PE-PUR Foam in the Recalled Devices, specifically the BiPap machines, was unsafe. Defendants had ample opportunity to either stop using the PE-PUR Foam or to replace the PE-PUR Foam in the Recalled Devices, specifically the BiPap machines, to make them safe and healthy for use by THOMAS E. MEYERS and others similarly situated but failed

to do so.

115. As a direct and proximate result of Defendants' breaches of express warranty, THOMAS E. MEYERS was damaged because he did not receive the products as specifically warranted by Defendants and died on March 25, 2020.

116. Plaintiff brings this action in Count I under 735 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

## COUNT VI
## BREACH OF EXPRESS WARRANTY

### WRONGFUL DEATH

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS"), alleges as follows:

117. Plaintiff restates and realleges Paragraphs 80-115 of Count V as her Paragraphs 117-152 of Count VI.

153. Plaintiff brings this action in Count VI under 740 ILCS 180/01 et seq. commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### SURVIVAL

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS"), alleges as follows:

154. Plaintiff restates and realleges Paragraphs 80-115 of Count V as her Paragraphs 154-189 of Count VII.

190. 810 ILCS 5/2-314(2)(c) sets forth that a good is not merchantable if it is not fit for

the ordinary purposes for which such goods are used.

191. The Recalled Devices, specifically the BiPap machines, were not fit for the ordinary purpose for which the Recalled Devices, and the BiPap machines, is used as it posed serious health risks such as organ failure and cancer.

192. Plaintiff brings this action in Count I under 735 ILCS 5/27-6 commonly known as the Survival Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

### WRONGFUL DEATH

NOW COMES the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, by and through her attorneys, VINKLER LAW OFFICES, LTD., and complaining of the Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. ("ROYAL PHILIPS"), alleges as follows:

FILED DATE: 3/24/2022 4:02 PM 2022L002813

193. Plaintiff restates and realleges Paragraphs 154-191 of Count VII as her Paragraphs 193-230 of Count VIII.

231. Plaintiff brings this action in Count VIII under 740 ILCS 180/01 et seq. commonly known as the Wrongful Death Act of Illinois.

WHEREFORE, the Plaintiff, EMMA MEYERS, as Independent Administrator of the Estate of THOMAS E. MEYERS, Deceased, prays for entry of judgment against Defendants PHILIPS NORTH AMERICA, LLC, a foreign limited liability company; PHILIPS RS NORTH AMERICA, LLC, a foreign limited liability company, PHILIPS HEALTHCARE INFORMATICS, a foreign corporation, PHILIPS MEDICAL SYSTEMS, INC., a foreign corporation, and KONINKLIJKE PHILIPS N.V. in sum in excess of $50,000, plus costs of this action.

Respectfully submitted,

*/s/ Jerome A. Vinkler*

Jerome A. Vinkler

*Attorneys for Plaintiff*
*VINKLER LAW OFFICES, LTD.*
7045 Veterans Blvd., Suite A-2
Burr Ridge, IL 60527
630-655-9545
jav@vinklerlaw.com